ADAM SCHEMPP ET UX. *vs.* MORRIS B. BEARDSLEY, EX-
ECUTOR, ET AL. (MORRIS B. BEARDSLEY, EXECUTOR,
ET AL., APPEAL FROM COMMISSIONERS.)

Third Judicial District, New Haven, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The trial judge is not bound to follow an interlocutory ruling made by
another judge at an earlier stage of the cause.

An oral agreement to live with and support the owner of real and
personal property during his lifetime, in consideration of receiving
all his property at his death, although within the statute of frauds
and therefore not actionable, is not a mere nullity. So long as he
lives without repudiating the oral agreement, he cannot be sued
upon it, because he has committed no breach; nor upon a *quantum*

Schempp v. Beardsley.

*meruit*, because the oral agreement shows that the support is to be paid for, not on the basis of its reasonable value, but by a transfer of what its recipient may be worth at his death, be that more or less. Accordingly, no right of action for breach of contract exists until his death, when one arises to recover damages measured, not by the value of his estate, because no action is maintainable on the oral agreement, but by the value of the support furnished. The execution of a will by him in favor of a third person, in the absence of notice thereof to the other contracting party, would not be a repudiation of the contract.

An agreement within the statute of frauds is admissible in evidence to show that the support, for which a *quantum meruit* recovery is sought, was furnished under circumstances which excluded the supposition that either party regarded it as gratuitous.

The law calls on no one to perform a nugatory act; and therefore it is useless to bring an action which, if brought, could not be maintained.

The statute of limitations assumes the existence of a cause of action and also of what, were it not for the statutory prohibition, would be a right of action. Accordingly, until a cause of action does arise, the statute of limitations has no application.

The statement of a claim, on an appeal from commissioners, takes the place of the *ad damnum* clause in a complaint, and limits the amount which the claimant can recover.

This court will modify, rather than set aside, the judgment of the court below on a cause fully tried on its merits, where the erroneous part of the judgment can be separated with precision from the rest, and justice be thereby accomplished.

Argued January 18th—decided February 3d, 1910.

APPEAL from the allowance, in part, of a claim of $17,000 against the estate of Agnes Coffey, deceased, taken by the defendants to the Superior Court in Fairfield County, and heard before *Burpee, J.* Judgment that the claim be allowed, to the amount of $12,500. *Error in part.*

*John C. Chamberlain,* for the appellants (defendants).

*John S. Pullman* and *Robert H. Gould,* for the appellees (plaintiffs).

BALDWIN, C. J. In 1885 Agnes Coffey, a single woman of sixty-five, who had not heard from any of her relatives for

thirty years and did not know that any of them were still alive, orally agreed with Adam Schempp and his wife that if they would live with her in a house which she was ready to buy for that purpose, and there support her properly as long as she should live, she would give them all her property when she died. She bought a house, a few weeks later, and they, relying on the agreement, moved into it, and supported her there properly as long as she lived. A few years after the purchase she had their oral agreement put in writing, signed it, and had Adam Schempp sign it; telling him that the effect of this paper would be to give him and his wife all her property upon her death. After her death, fragments of this paper were found in her room, but not enough to form a memorandum in writing which would avoid the effect of the statute of frauds. She died March 19th, 1907, leaving a will executed in 1906 and a codicil executed in 1907, which gave all her property to certain relatives. The existence of such a will she fraudulently concealed from the Schempps, and they first learned of it after her death. The value of the support which they furnished her was $12,500. So much of it as was rendered during the last six years of her life was of the value of $8,200. They put in a claim against her estate for $17,000, for services rendered her from 1885 to 1907 upon her express agreement to leave them all her property, estimated by them as being worth that sum. Demurrers to the statement of claim and afterward to the answer were filed and overruled, and the case heard on issues of fact. One of these issues was as to the truth of the averment that so much of the cause of action as was alleged to have arisen prior to March 19th, 1901, did not accrue within six years next before the death of Agnes Coffey and the presentation of the claim to the executor of her will.

The Superior Court ruled that the agreement under which the Schempps claimed was within the statute of frauds and absolutely void; that if any recovery could be had, it must

be upon a *quantum meruit* only; and that, on the latter basis, they could recover for all the support furnished since 1885.

Of the three reasons of appeal that merit discussion, one is that the trial judge was bound, on the question of the statute of limitations, to follow a decision previously made by another judge in disposing of a demurrer. The law is otherwise. *Wiggin* v. *Federal Stock & Grain Co.*, 77 Conn. 507, 516, 59 Atl. 607.

Another reason of appeal is the allowance of the claim for services performed more than six years prior to the death of Miss Coffey.

Her contract being in part for the conveyance of real estate, the plaintiffs can support no action upon it. It was not, however, a mere nullity. While the Superior Court has found that it was void, we understand this to be simply a mode of stating that it was within the statute of frauds. Such an agreement may be available for some purposes as a factor in constituting a defense. It may also, under certain circumstances, avail to avoid a defense. Such circumstances are presented in the case at bar.

If the plaintiffs had sued Miss Coffey, during her lifetime, for the reasonable value of support furnished her, she could have set up the oral agreement in defense, to show that it had been furnished under a special contract which fixed a precise compensation, and postponed payment until her decease. *Clark* v. *Terry*, 25 Conn. 395, 401.

The law calls on no one to perform a nugatory act. As such a suit could not be maintained, to bring it would have been useless. The statute of limitations assumes the existence of a cause of action and also of what, were it not for the statutory prohibition, would be a right of action. The oral agreement between Miss Coffey and the Schempps purported to give them what would constitute, on due performance of their part of it, a cause of action against her personal representatives for damages, should it be found,

upon her death, that she had not done what she, on her part, had agreed to do. So long as she lived, in the absence of repudiation by her, the plaintiffs could not have sued upon the contract, for there would have been no breach; nor for the reasonable value of the support which they had furnished, because that was, by the contract, to be paid for, not by payment of what it was worth, but by a transfer of what she might be worth at her decease, whether more or less than such reasonable value.

The contract never was repudiated by Miss Coffey during her lifetime. It could not be, so as to affect their rights, without notice of such repudiation to the Schempps. The execution of her will in favor of others she never made known to them; nor would its execution have prevented her from subsequently doing what her agreement with them required.

No right of action, therefore, of any kind, by the Schempps against Miss Coffey, existed during her lifetime. Upon her death a right of action arose, not for damages measured by the value of the estate which she had left, because no action on the special contract could be maintained, but for damages measured by the value of the support furnished. As a foundation for recovering these latter damages, the special contract was material, because it showed that the support was furnished under circumstances which excluded the supposition that either party regarded it as gratuitous. *Grant* v. *Grant,* 63 Conn. 530, 542, 29 Atl. 15; *Hull* v. *Thoms,* 82 Conn. 647, 74 Atl. 925. It furnished also a sufficient answer to the defense of the statute of limitations, by showing that no action brought earlier could have been maintained. That being so, the right of action did not accrue, either in whole or part, more than six years before Miss Coffey's death, and the plaintiffs were entitled to recover the whole value of the whole support furnished, provided they had made due claim for it.

The remaining reason of appeal is sufficient. It is, that

more was recovered than was demanded.   The statement
of claim, as amended, was as follows:—

To services rendered and materials furnished

From September 1st, 1885, to September 1st, 1890,
    inclusive, at $700 a year,  . . . . . . . .  $3,500

From September 1st, 1890, to September 1st, 1897,
    inclusive, at $750 a year,  . . . . . . . .  5,250

From September 1st, 1897, to September 1st, 1902,
    inclusive, at $900 a year,  . . . . . . . .  4,500

From September 1st, 1902, to September 1st, 1905,
    inclusive, at $1,000 a year,  . . . . . .  3,000

From September 1st, 1905, to September 1st, 1906,
    inclusive,  . . . . . . . . . . . . .  1,100

From September 1st, 1906, to March 19th, 1907, at
    $100 a month,  . . . . . . . . . . .  660

       Total,  . . . . . . . . . . . . .  $18,010

To moneys expended from September 1st, 1885, to
    September 1st, 1886, about  . . . . . .  $    40

To moneys expended from September 1st, 1886, to
    September 1st, 1899, about $25 each year,  .  325

To moneys expended from September 1st, 1899, to
    September 1st, 1904, about $35 a year,  . .  175

To moneys expended from September 1st, 1904, to
    March 19th, 1907, about $100 a year,  . .  280

       Total,  . . . . . . . . . . . . .  $18,830

The finding of the Superior Court is that the total value
of the support furnished from 1885 to the death of Miss
Coffey was $12,500, of which the support furnished during
the last six years of her life was worth $8,200.

The statement of claim, taken in its most favorable light
for them, limited the plaintiffs' right of recovery for the
support furnished during those six years to $6,439.59.

It must be assumed from the finding that the court al-

lowed them only $4,300 for the support furnished and moneys expended prior to March 19th, 1901, that being the difference between the total of $12,500 and the proper charges for the last six years, which were found to be $8,200. This sum ($8,200) was therefore allowed for items charged in the statement of claim at no more than $6,439.59.

A statement of claim, on an appeal from commissioners, controls the amount recoverable, as fully as the *ad damnum* clause in a complaint in a civil action. Practice Book (1908), p. 207, § 14.

The judgment of the Superior Court is therefore erroneous so far as it exceeds the sums claimed; that is, to the extent of the difference between $8,200 and $6,439.59, namely $1,760.41. As the cause was fully tried on the merits and the erroneous part of the judgment can be separated with precision from the rest, justice can better be done by modifying the judgment than by reversing it.

There is error as to so much of the judgment appealed from as exceeds $10,739.59, and it is modified by reducing it to that amount, and, as thus modified, affirmed.

The costs of this court will be taxed in favor of the appellants.

In this opinion the other judges concurred.