### HATTIE L. CHICK v. CALVIN W. EDMISTON, JR. (ADMINISTRATOR OF THE ESTATE OF CALVIN W. EDMISTON)

SUPERIOR COURT      NEW LONDON COUNTY      FILE No. 17757

Memorandum filed November 15, 1948.

*Frank N. Gardner, Allyn L. Brown, Jr.,* and *E. W. Higgins,* all of Norwich, for the Plaintiff.

*Arthur F. Libby,* of Norwich, for the Defendant.

DALY, J. The plaintiff has demurred to the defendant's second defense to the third count of the complaint "because Connecticut law does not require that the alleged agreement be in writing subscribed by the defendant's decedent or by his lawful agent to be enforceable."

The second defense to the third count alleges that the "alleged agreement, nor any note or memorandum thereof, was ever made in writing and subscribed by the Defendant's decedent or by his lawful agent." It was obviously intended to state in this defense that the alleged agreement was *not* in writing. For the present purposes I am so construing it.

In the third paragraph of the third count it is alleged that "In consideration of money loaned the said Calvin W. Edmiston by the plaintiff and of the plaintiff's money expended for and on his account by the plaintiff and for personal service and household necessities bought for the said Calvin W. Edmiston with the plaintiff's money the said Calvin W. Edmiston agreed to give the plaintiff a good title by his last will or by a deed to certain land and buildings thereon. . . ."

This allegation may be understood as saying that for the consideration alleged the deceased agreed to execute a deed of the land in question and that if he failed to do so during his life he would leave the property to the plaintiff by will.

Although the stated ground of the demurrer is that the agreement need not be in writing "to be enforceable" I construe this to mean that the plaintiff contends that she has a right of action or a cause of action upon the allegations of the third count even if the agreement was not a written one.

In *Costello* v. *Costello,* 134 Conn. 536, at pages 539 and 540, appears the following: "The claimed contract was an oral agreement to devise land in return for services and was unenforceable because of the Statute of Frauds. General Statutes, § 5982; *Grant* v. *Grant,* 63 Conn. 530, 538, 29 A. 15; *Schempp* v. *Beardsley,* 83 Conn. 34, 37, 75 A. 141; *Schmidt* v. *Schaub,* 115 Conn. 208, 212, 161 A. 98. Such a contract is not, however, a mere nullity. It may avail to avoid the defense of the Statute of Limitations. If there was such an agreement as was alleged, no right of action existed during lifetime of the parents. Upon the death of the survivor one arose, not for damages measured by the value of the land, because no action on the special contract could be maintained, but for damages measured by the reasonable value

of the services rendered. As a foundation for recovering these latter damages, the special contract was material, because proof of its existence and performance would furnish a sufficient answer to the defense of the Statute of Limitations by showing that no action brought earlier could have been maintained, and would indicate that the services were rendered under circumstances which excluded the supposition that either party regarded them as gratuitous, *Schempp* v. *Beardsley,* supra, 38."

Part of the consideration alleged in paragraph 3 of the third count was personal service.

The demurrer is sustained.