**Albert H. MARTA and Anne M. Marta, his wife, a partnership (6 *Del.C.* § 1528) t/a Chestnut Hill Plaza, Defendants below, Appellants and Cross-Appellees,**

v.

**Louise NEPA, Administratrix of the Estate of Leonard A. Nepa, Plaintiff below, Appellee and Cross-Appellant.**

Supreme Court of Delaware.

Submitted Jan. 9, 1978.

Decided April 11, 1978.

---

C. Waggaman Berl, Jr., and Eugene J. Maurer, Jr., Wilmington, for plaintiff below, appellee and cross-appellant.

Daniel L. Twer, of Levin, Spiller & Twer, and William F. Lynch, of Morris, James, Hitchens & Williams, Wilmington, for defendants below, appellants and cross-appellees.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this action for a real estate broker's commission, the defendants appeal from the Superior Court's judgment that a commission is owed to the plaintiff; the plaintiff cross-appeals from the Court's judgment as to the nature of the damages.

### I.

In 1969, the defendant, Albert Marta, in trying to locate tenants for a shopping center that he and his wife were constructing, discussed with the plaintiff's testator, Leonard A. Nepa, the difficulty of finding a large department store as a tenant. Whether Marta authorized or agreed to pay Nepa to find such tenant was controverted. In any event, Nepa contacted Gaylord's Discount Department Store and negotiations between Gaylord's and Marta commenced. In January, 1970, after rejecting a rental offer from Gaylord's as too low, Marta commenced negotiations with another prospective tenant. In April, Nepa informed the defendant that Gaylord's had agreed to the defendant's terms, but the defendant ignored the letter. Nepa died shortly thereafter. In the fall of 1970 and after Nepa's death, when negotiations with the other prospective tenant broke down, Marta contacted Gaylord's again and a lease agreement was entered into for a store in the shopping center.

In May of 1973, the plaintiff, as executrix of Nepa's estate, brought this action for a real estate broker's commission owed Nepa as the broker who procured the lease for Marta. The Superior Court granted judgment for the defendant on the ground that Marta had not agreed to pay Nepa. On appeal, this Court reversed and remanded the action for further factual findings. See *Nepa v. Marta*, Del.Supr., 348 A.2d 182 (1975).

On remand, the Trial Court made the required additional factual findings and de-

termined: (a) that Marta made Nepa his agent for the purposes of finding a suitable tenant and discussed compensation therefor with Nepa; (b) that Marta did not revoke this authorization even though Marta's primary attention for a while was on the other prospective tenant; (c) that Nepa did not produce a prospect "ready, willing and able" to meet his express terms on April 10, 1970, with the consequence being that the statute of limitations did not then begin to run so that the action was filed within the 3 year limit in May, 1973; and (d) that Nepa was the "procuring cause" of the lease agreement between Marta and Gaylord's, as that term was defined by this Court in *Nepa v. Marta,* Del.Supr., 348 A.2d 182 (1975). The Superior Court held, therefore, that Nepa was entitled to a broker's commission and awarded his estate 4% of the minimum annual rental of $135,000 over the 25 year term of the lease, payable at the end of each year. The defendants appeal, contending that the Superior Court erred in its factual findings and in determining damages. The plaintiff, by a cross-appeal, also contends that the damages were incorrectly determined. We affirm in part and reverse in part.

## II.

In an appeal from judgment in a non-jury case, this Court generally accepts the Trial Court's findings of fact if they are sufficiently supported by the record and are the product of an orderly, logical, and deductive process. *Levitt v. Bouvier,* Del. Supr., 287 A.2d 671 (1972). It is only where the findings below are clearly wrong and justice requires their overturn that we are free to make contradictory findings of fact. *Application of Delaware Racing Ass'n,* Del. Supr., 213 A.2d 203 (1965).

Applying this standard, we cannot say that the Superior Court erred in its factual findings. Although the facts were in sharp dispute, the Trial Court's findings that Marta authorized Nepa to find a tenant, that Marta did not terminate this authority, that Nepa was the "procuring cause" of the lease, and that Nepa had not

produced a ready, willing and able tenant on April 10, 1970, are supported by the record and appear to be the product of an orderly, logical, and deductive process.

In connection with their assertion that Nepa was not authorized by Marta to find a tenant, the defendants argue that, in any event, any agreement between the two is unenforceable because there was no agreement as to compensation. We find no merit in this contention. The circumstances of the case permit a recovery based on quasi-contract; the general rule barring recovery for indefiniteness of terms in contracts is not applicable where the party performing the services expected the recipient of the benefit to pay for them and where the services were performed under circumstances which would notify the recipient that the performer of the services expected to be paid. 5 *Williston on Contracts* § 1575; *Bellanca Corp. v. Bellanca,* Del. Supr., 169 A.2d 620 (1961). Since the Trial Court found that these two conditions were met, in that Marta agreed to compensate Nepa although the exact figure was not set, the plaintiff is entitled to recover for the services rendered by Nepa.

The remaining question is whether the amount of the award made by the Trial Court was properly measured.

## III.

When a plaintiff is entitled to recover in quasi-contract for services rendered, the measure of damages is determined on a *quantum meruit* basis. It was for this reason that we stated in our prior opinion in this case that "in the absence of an agreed amount, [when a commission is owed to a broker as a procuring cause of a transaction, that] commission is to be determined by the trier-of-fact on a *quantum meruit* basis". 348 A.2d at 184.

On remand, the Superior Court awarded plaintiff 4% of the minimum yearly rental of $135,000, i. e., $5,400 payable each year during the 25 year term of the lease. The defendants contend that the Superior Court erred in that the plaintiff was not entitled

to a full 4% commission, but only 2%, since it must be shared with the broker who had the "exclusive agreement" with the defendant; alternatively, they contend that the Court erred because the measure of damages applied here appear to be based on prevailing real estate commission rates and not on a *quantum meruit* basis as directed by this Court on the remand. The plaintiff, in its cross appeal, argues that the estate is entitled to the present value of the future commissions in a lump sum payment.

 We find error in that the commission was not awarded on a *quantum meruit* basis in accordance with the prior opinion of this Court. *Quantum meruit* literally means "as much as he deserves", *Mead v. Ringling*, Wis.Supr., 266 Wis. 523, 64 N.W.2d 222 (1954); it is the reasonable worth or value of services rendered for the benefit of another. See: *Schwartz v. Schwerin*, Ariz.Supr., 85 Ariz. 242, 336 P.2d 144 (1959); *Drake v. Block*, Iowa Supr., 247 Iowa 517, 74 N.W.2d 577 (1956). On the remand, there was no hearing on the issue of the reasonable worth or value of the services rendered to Marta by Nepa, and there is no evidence elsewhere in the record upon this issue. There was expert testimony in the original trial to establish that the standard commission for procuring a commercial lease was either 4 or 5%; and, apparently, the Superior Court based its award on the lower figure. However, evidence of a standard commission is neither equivalent to nor commensurate with the evidence required for determining a recovery based on *quantum meruit*. A standard commission, which is agreed upon before services are commenced, is an arbitrary figure which may or may not reflect *quantum meruit*, i. e., how much the service is worth or how much compensation is deserved therefor.

We hold, therefore, that the Superior Court erred in making an award on the basis of a standard commission. We must remand the matter again for an evidentiary hearing on the damages issue. The evidence offered at that proceeding should include opinion testimony by expert witnesses, in response to hypothetical questions based upon the particular facts of this case, as to the worth of the specific services rendered to Marta by Nepa and the reasonable compensation which Nepa deserved therefor.

\* \* \* \* \* \*

Affirmed in part; and reversed and remanded in part.