Louise NEPA, Executrix of the Estate of Leonard P. Nepa, Plaintiff and Third-Party Defendant Below, Appellant,

v.

Albert H. MARTA, and Anne M. Marta, a partnership, t/a Chestnut Hill Plaza, Defendant Below, Appellee,

v.

STOLTZ REALTY COMPANY, Intervenor and Third-Party Plaintiff, Appellee.

Supreme Court of Delaware.

Submitted Feb. 14, 1980.

Decided April 9, 1980.

C. Waggaman Berl, Jr., Wilmington (argued), for plaintiff and third-party defendant below, appellant.

Richard P. Beck, Wilmington (argued) of Morris, James, Hitchens & Williams, Wilmington, for defendant below, appellee.

Richard J. Abrams, Wilmington (argued) of Richards, Layton & Finger, Wilmington, for intervenor and third-party plaintiff, appellee.

Before HERRMANN, C. J., McNEILLY and QUILLEN, JJ.

McNEILLY, Justice:

This appeal presents this Court with a third opportunity to rule in this case. The plaintiff-appellant, Louise Nepa, Administratrix of the Estate of Albert H. Nepa (hereinafter "Nepa"), brought this action against the defendant-appellee, Albert H. Marta and his wife, a partnership t/a Chestnut Hill Plaza, for recovery of money allegedly owed because of services performed by her deceased husband in procuring a tenant for a shopping center owned by Marta. In *Nepa v. Marta*, Del.Supr., 348 A.2d 182 (1975), (*Nepa I*) this Court determined that, if Nepa was the procuring cause of the consummated lease between Marta and the lessee, Nepa would be entitled to a *quantum meruit* recovery, absent an express contract and subject to the application of the statute of limitations.

On remand the Superior Court determined that Nepa was the procuring cause; but that because Nepa died prior to full agreement on the terms of the lease, his cause of action did not accrue until the lease was signed and the action was timely filed. In addition, the Court below determined Nepa was entitled to a commission of 4% of the value of the lease or $135,000.00. On appeal, this Court affirmed the findings supporting the liability of Marta. However, we reversed the award of damages and held that recovery was to be on a *quantum meruit* basis, not on the basis of a standard real estate commission. *Marta v. Nepa*, Del.Supr., 385 A.2d 727 (1978) (*Nepa II*).

On remand, the Superior Court found Nepa was entitled to an award of $15,000.00 based on the value of the services he performed. In addition, the Court below allowed a third party, Stoltz Realty Company (hereinafter "Stoltz") to intervene. Stoltz alleged he had an exclusive agency contract with Marta at the time of the signing of the lease in question and that under Delaware real estate practice, as exclusive agent, he is entitled to receive half of any commission paid to another realtor for activity within the ambit of the exclusive agency. The Superior Court awarded Stoltz fifty percent of Nepa's recovery under this theory. Thus, by implication, it found that Stoltz was the exclusive agent for Marta under the terms as alleged by Stoltz, and that the practice among realtors in Delaware is for an outside realtor to share any commission on a 50–50 basis with the exclusive agent.

Nepa filed this appeal arguing the award of $15,000.00 was improper, because it represents a finder's fee rather than a commission as required by this Court in *Nepa II*. Nepa also argues Stoltz was improperly granted fifty percent of the damages awarded. We affirm in part, reverse in part, and remand.

"In an appeal from judgment in a non-jury case, this Court generally accepts the Trial Court's findings of fact if they are sufficiently supported by the record and are the product of an orderly, logical, and deductive process. *Levitt v. Bouvier*, Del. Supr., 287 A.2d 671 (1972). It is only where the findings below are clearly wrong and

justice requires their overturn that we are free to make contradictory findings of fact. *Application of Delaware Racing Ass'n*, Del. Supr., 213 A.2d 203 (1965)." *Marta v. Nepa*, 385 A.2d at 729.

## I

■ The Court below found that the *quantum meruit* recovery of Nepa should be $15,000.00 based on expert testimony regarding the value of finding a prospect who later becomes a tenant. It described these acts as analogous to "what is usually compensated by a finder's fee." * The appellant asserts this was error. She contends the decision of this Court in *Nepa II* required an award of a commission and that "commission" means an award based on prevailing real estate fees.

The Superior Court properly concluded that the word "commission" in *Nepa II* was used in a non-technical sense; it was used in this case to mean "the reasonable compensation which Nepa deserved" for the "worth of the specific services rendered to Marta by Nepa". 385 A.2d at 730. The recovery of Nepa is equitable based on the value of the service rendered and not on the usual rate charged by those in the business. See Dobbs, Law of Remedies, § 4.2, pp. 237–38 (West 1973). Based on the testimony produced on remand, the Trial Court concluded $15,000.00 was reasonable compensation for the services performed by Nepa prior to his death, and a commission in a technical sense was neither earned nor owed. We affirm those conclusions. Cf. *Davidson v. Robie*, Mass.Supr., 345 Mass. 333, 187 N.E.2d 371, 374 (1963) (awarding a recovery analogous to a finder's fee, but not under contract).

## II

■ With respect to the intervenor's complaint, Stoltz, testifying on his own behalf, stated that an exclusive agent is, as a matter of real estate custom in Delaware,

entitled to half of any commission paid to a realtor other than the exclusive agent. Based on this testimony, the Court awarded Stoltz half of the $15,000.00 *quantum meruit* "compensation" recovery. This award was improper for three reasons.

First, the term *"quantum meruit* literally means as much as he deserves." 385 A.2d at 730 (quotations omitted). We find an inherent inconsistency in determining that a plaintiff equitably had earned a specific amount but that his estate will be awarded only half of that amount. Indeed, if Nepa had performed the exact same services for Stoltz that he performed for Marta, the value rendered would have been the same and his *quantum meruit* recovery of "compensation" would have been the same. In this case, we see no basis to distinguish between the value to the principal and the value to the purported exclusive agent. Also, there is no indication in the record before us that the testimony of the experts regarding the value of the services performed contemplated a situation in which half of the award of compensation therefor would be given to another party.

■ Second, as the Superior Court properly concluded in determining the amount of damages, the recovery of Nepa was not a commission in a technical sense, but an equitable award based on what Nepa earned and on Marta's unjust enrichment. Stoltz's testimony regarding the sharing of the commission or fee was made by an expert in the real estate business. He used these terms in their technical sense. A commission or fee in that sense would be a contract recovery. A *quantum meruit* recovery is an award where recovery under contract is not available. *Bellanca Corp. v. Bellanca*, Del. Supr., 3 Storey 378, 169 A.2d 620, 627 (1961). See also *Bond v. Oak Manufacturing Co.*, 3rd Cir., 293 F.2d 752 (1961).

The Court erred in finding that an implied contract between realtor and exclusive agent included the type of recovery awarded in this case. Indeed, the award of a

---

* A *finder's fee contract* is "an arrangement by which an intermediary finds, introduces, and brings together parties to a business opportunity, leaving the ultimate negotiation and con-

summation of the business transaction to the principals." *Equity Benefit Life Insurance Co. v. Trent*, Okl.Supr., 566 P.2d 449, 453–54 (1977).

commission in a technical sense was the reason the Superior Court was reversed in *Nepa II.* 385 A.2d at 729–30. Nepa's Estate has not been awarded a commission or fee under contract; it has been awarded reasonable compensation because Nepa had no contract.

■ Thirdly, the contract between Stoltz and Marta, is titled "exclusive agency agreement." Stoltz contends this agreement gave him the right to a full commission regardless of how or by whom a tenant was found. However, in the absence of ambiguity, there is no room for construction. *Reardon v. Exchange Furniture Store*, Del.Supr., 7 W.W.Harr. 321, 188 A. 704 (1936). Accord, *University Nat. Bank v. Wolfe*, Md.App., 279 Md. 512, 369 A.2d 570 (1977); *Hewes v. McWilliams*, Pa.Supr., 412 Pa. 270, 194 A.2d 339 (1963). Upon reading the agreement, we find no provision supporting Stoltz's contention. The only provisions dealing with the payment of commissions on leases are expressly limited to tenants found by Stoltz.

\* \* \*

AFFIRMED, in part; REVERSED, in part; and REMANDED with instructions to enter judgment of $15,000.00 for Nepa, the appellant-plaintiff, and to enter a defendant's verdict on the third party claim of Stoltz, the appellee, intervenor-third party plaintiff.