HOWARD SOMERVILLE *v.* ROBERT L. EPPS ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 178405
FAIRFIELD AT BRIDGEPORT

Memorandum filed May 27, 1980

*Jordan Lustig,* for the plaintiff.

*Michael L. Riccio,* for the defendants.

JACOBSON, J. The plaintiff's complaint alleges that the defendant Lottie Epps, as owner of premises known as 118-125 Miles Street, Bridgeport, "received from the Plaintiff considerable goods and services on credit because the Plaintiff believed that said LOTTIE EPPS was the owner in fee simple of the real estate . . . , and relying on said ownership for the extension of such credit for the goods and services"; that that defendant "conveyed all of her right, title, and interest in and to said real estate to the Defendant, Robert L. Epps" and that he "has received the benefit of the improvements"; that "[f]or said services, The Defendant, LOTTIE EPPS, promised [orally] to leave to the Plaintiff in her will, a one-quarter interest in the . . . real estate"; that she "has failed, neglected, and refused to pay" the plaintiff for such services; and that she "neglected and refused to Will the one-quarter interest in said premises to the Plaintiff."

The defendants' motion to strike the complaint is based on the ground "that it fails to state a cause of action," and their brief contends that payment by the defendant Lottie Epps to the plaintiff for his services, whether in cash or in property by will, "was to be made upon her death, an event which has yet to occur."

"A positive statement to the promisee that the promisor will not perform his contract constitutes an anticipatory repudiation which is a total breach of contract, except in cases of a contract originally unilateral and not conditional on some future performance by the promisee and of a contract originally bilateral that has become unilateral and similarly unconditional by full performance by one party." *Sagamore Corporation* v. *Willcutt,* 120

Conn. 315, 318. Under the above holding, regardless of how the original agreement may be conceptualized, it is clear that the plaintiff has no remaining executory obligations; hence, the "contract" is now unilateral. See *Smyth* v. *United States*, 302 U.S. 329, 356 (Cardozo, J.); *Sheketoff* v. *Prevedine*, 133 Conn. 389, 393.

In Connecticut, it is clear that the plaintiff could recover in quantum meruit. *Schempp* v. *Beardsley*, 83 Conn. 34. While an oral contract to convey an interest in land, under will or otherwise, is invalid under the statute of frauds, the agreement may, nevertheless, be relied upon to show that the plaintiff did not act gratuitously. *Anderson* v. *Zweigbaum*, 150 Conn. 478, 481; *Schempp* v. *Beardsley*, supra, 38. The measure of damages is the reasonable value of the services and not the value of the promised consideration, as that would indirectly enforce the contract. *Anderson* v. *Zweigbaum*, supra, 481.

The main question here is when does the plaintiff's cause of action commence. To the court's knowledge no Connecticut case has directly addressed a situation identical to the present one, although language favorable to the plaintiff exists in *Schempp* v. *Beardsley*, supra. The Rhode Island Supreme Court relied heavily on *Schempp* to allow an immediate cause of action in *Messier* v. *Messier*, 34 R.I. 233, 255. In *Schempp* the promisor had died willing her property to relatives rather than to the plaintiffs-promisees. During her lifetime the plaintiffs could not have sued her because she could revoke her will at any time. The *Schempp* court stated (p. 38): "So long as she lived, in the absence of repudiation by her, the plaintiffs could not have sued upon the contract." Strictly speaking, such language is dicta. In *Messier* v. *Messier*, supra, however, the Rhode Island court, relying on that

language, allowed such relief. It has also been said: "Where the promisor puts it out of his power to perform an agreement to compensate by will, the promisee may recover the reasonable value of services and support by an action brought against the promisor in the latter's lifetime, although recovery may be denied where the proof does not show that the promisor has put it out of his power to perform." 94 C.J.S., Wills § 123, p. 888.

The plaintiff here alleges that the defendant Lottie Epps conveyed her property in an irrevocable fashion. This is qualitatively different from a will provision which can always be eliminated or changed during the testator's lifetime. *Schempp* v. *Beardsley,* supra, 38. Although the possibility exists that the defendant could regain title to the subject property, the law does not require allegedly injured parties to await such a contingency before seeking relief. Calamari & Perillo, Contracts § 12-3, p. 459. "It is not necessary for repudiation that performance be made literally and utterly impossible. Repudiation can result from action which reasonably indicates a rejection of the continuing obligation." 19 Connecticut General Statutes, Annotated (West Ed.) § 42a-2-610, comment 2. Furthermore, in *Sagamore Corporation* v. *Willcutt,* 120 Conn. 315, 320, which involved a lessor and a lessee, the court did allow an immediate suit in a unilateral contract situation where the promisor had communicated a complete repudiation of the entire contract. This appears to be a trend. See annot., 7 A.L.R.2d 1166; 7-12 Later Case Service 86.

For the foregoing reasons, the defendants' motion to strike is hereby denied.