**Lawrence C. CHEESEMAN and Mary H. Cheeseman, h/w Plaintiffs,**

**v.**

**Sharon GROVER, Executrix of the Estate of Lillian N. Stark, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: Oct. 1, 1984.

Decided: Nov. 1, 1984.

Filed: Feb. 1, 1985.

Brian P. Murphy, Middletown, for plaintiffs.

Anthony A. Figliola, Jr., Wilmington, for defendant.

RIDGELY, Judge.

Plaintiffs Lawrence C. Cheeseman and Mary H. Cheeseman have brought this civil action against Defendant Sharon Grover in her capacity as Executrix of the Estate of Lillian N. Stark alleging that the estate is indebted to them for their services rendered to the decedent and for their loss of income suffered by them in giving up their employment to devote their time and efforts to the care of the decedent prior to her death. Defendant has moved to dismiss the complaint for failure to state a cause of action contending that plaintiffs

are actually attempting under the alleged facts to recover by enforcing an oral will which is invalid as a matter of law. Both plaintiffs and defendant have submitted matters outside the pleadings which require defendant's motion to be treated as one for summary judgment and disposed of as provided in Rule 56. Superior Court Civil Rule 12(b).

## I.

Taking the record in the light most favorable to plaintiffs, who are nonmoving parties, *Matas v. Green*, Del.Super., 171 A.2d 916 (1961), the facts are as follows:

Plaintiffs are the son and daughter-in-law of the decedent, Lillian N. Stark, and the defendant is her grandniece and the executrix of her estate. Mrs. Stark died on November 19, 1983. During the year and one-half before her death, the plaintiffs made numerous trips from their home in Maryland to Mrs. Stark's home in Claymont, Delaware to bring her supplies and medication. They also stayed at her home around the clock for long periods of time to assist her in her daily living activities. Plaintiffs brought Mrs. Stark to their home in Maryland to live with them during the month of September 1983. During these periods, plaintiffs gave up their employment at Grasonville Fisheries, Inc. and expended over 10,000 hours rendering services to Mrs. Stark. Plaintiffs state that all of these services were rendered to Mrs. Stark based upon her promise that they were to be compensated for all their time and effort; specifically, that they would receive Mrs. Stark's dwelling in Claymont, Delaware on her death in addition to what-

ever other assets she possessed at her death.

Following Mrs. Stark's death on November 19, 1983, her last will was admitted to probate on December 6, 1983. Pursuant to this will, which predates the alleged promise to plaintiffs, defendant is the executrix and sole beneficiary of the estate. Subsequent to the opening of the estate, plaintiffs filed a claim against the estate for a debt in the amount of $20,160.00 based upon the care provided to Mrs. Stark. The claim was denied by the defendant, and this litigation followed.

## II.

Plaintiffs contend that their right to recover for services from the estate is dependent upon proof of an express or implied promise to pay for the services. *Jones v. Tucker*, Del.Super., 84 A. 1012, 1013 (1912); *Wilson v. Equitable Security Trust Co.*, Del.Supr., 158 A.2d 281, 283 (1960); *Anno.: Recovery for Services to Relatives*, 7 A.L.R.2d 8, 14. Plaintiffs also contend that the presumption that services to a family member are gratuitous can be rebutted, or that it is inapplicable under the facts. Defendant, on the other hand, argues that plaintiffs seek to recover based upon an oral will, and she relies upon the explicit direction of 12 *Del.C.* § 202,[1] which requires that to be valid, a will must be in writing, and 6 *Del.C.* § 2715,[2] which requires that any agreement to make a will must also be reduced to writing in order to be valid. Defendant emphasizes that the specifics of the alleged oral agreement were for plaintiffs to inherit Mrs. Stark's entire estate.

---

**1.** 12 *Del.C.* § 202 provides in pertinent part: "Every will, whether of personal or real estate, must be:
  (1) In writing and signed by the testator or by some person subscribing the testator's name in his presence and by his express direction; ..."

**2.** 6 *Del.C.* § 2715 provides:
  "No action shall be brought to charge the personal representatives or heirs of any deceased person upon any agreement to make a will of real or personal property, or to give a legacy or make a devise, unless such agreement is reduced to writing, or some memorandum or note thereof is signed by the person whose personal representatives or heirs are sought to be charged, or some other person lawfully authorized in writing, by the decedent to sign for him. This section shall not apply to any agreement made prior to May 1, 1933."

Defendant is correct that an oral agreement by Mrs. Stark to leave plaintiffs her home and whatever other assets she possessed at her death is unenforceable under 12 *Del.C.* § 202 and 6 *Del.C.* § 2715. However, when a person has performed personal services which are not gratuitous under a contract rendered invalid by the foregoing statutes, a remedy remains by way of an action for the reasonable value of the services rendered, as opposed to the sum agreed to be paid therefor. *Watson v. Watson,* Del.Super., 1 Houst. 209, 211 (1856); 73 *Am.Jur.*2d, Statute of Frauds § 552, p. 189; 37 *C.J.S.,* Frauds, Statute of § 259, pp. 780–781. This rule is consistent with the principle that a *quantum meruit* [3] award may be available under principles of restitution where recovery under contract cannot be had. *Nepa v. Marta,* Del.Supr., 415 A.2d 470, 472 (1980); *Bellanca Corp. v. Bellanca,* Del.Supr., 169 A.2d 620, 627

(1961). The alleged agreement for plaintiffs to receive Mrs. Stark's estate may be relied upon only to show that plaintiffs did not act gratuitously. *Somerville v. Epps,* 36 Conn.Sup. 323, 419 A.2d 909, 911 (1980). I conclude that the plaintiffs have stated a cause of action upon which relief may be granted under the theory of *quantum meruit.*

For the foregoing reasons, defendant's motion for summary judgment must be denied.

IT IS SO ORDERED.

---

**3.** *Quantum meruit* "literally means as much as he deserves." *Marta v. Nepa,* Del.Supr., 385 A.2d 727, 730 (1978) (quotations omitted).