**John A. GENTILE, Plaintiff Below, Appellant,**

v.

**SINGLEPOINT FINANCIAL, INC., a Delaware corporation, f/k/a OpTeamaSoft, Inc., Defendant Below, Appellee.**

**No. 339, 2001.**

Supreme Court of Delaware.

Submitted: Dec. 18, 2001.
Decided: Dec. 26, 2001.

---

19. *See People v. Dunlap,* Colo.Supr., 975 P.2d 723, 744 (1999).

John L. Reed, (argued), Timothy R. Dudderar, Duane, Morris & Heckscher, LLP, Wilmington, Delaware, for appellant.

Jesse A. Finkelstein, Peter B. Ladig, Richards, Layton & Finger, P.A., Wilmington, Delaware, Daniel W. Halston, (argued), Sean T. Carnathan, Hale and Door, Boston, Massachusetts, for appellee.

Before: VEASEY, Chief Justice, WALSH, and HOLLAND, Justices.

PER CURIAM.

This is an appeal from a decision of the Court of Chancery on cross motions for summary judgment by appellant/plaintiff below John Gentile ("Gentile") and appellee/defendant below, SinglePoint Financial, Inc. ("SinglePoint"). Gentile, a former officer and director of SinglePoint, brought suit under 8 *Del.C.* § 145(k) claiming that he was entitled to mandatory advancement under SinglePoint's bylaws in connection with several related matters: (1) an inves-

tigation by SinglePoint concerning Gentile's conduct as an officer and director; (2) an action filed by SinglePoint in Rhode Island state court accusing Gentile of breach of fiduciary duty; (3) an action between SinglePoint and a third party in Rhode Island federal court in which Gentile sought to intervene; and (4) an action brought by Gentile against SinglePoint in Rhode Island federal court to recover stock allegedly being withheld from him.

SinglePoint conceded below that Gentile was entitled to advancement for expenses he incurred in defending himself against the corporate investigation and the Rhode Island state action. With respect to the two federal actions, the Court of Chancery held that Gentile was not entitled to advancement because: (1) SinglePoint's bylaws are clear that advancement is not available to a director who acts as a plaintiff; and (2) all of Gentile's efforts as a plaintiff in the federal litigation have been directed at vindicating his personal property rights in shares allegedly being withheld from him, not rights or interests of the corporation.

■■■ The General Corporation Law of Delaware expressly allows a corporation to advance the costs of defending a suit to a director. *See* 8 *Del.C.* § 145(e); *Citadel Holding Corp. v. Roven*, Del.Supr., 603 A.2d 818, 823 (1992). The authority conferred is permissive, however. *Id.* The corporation "may" pay an officer or director's expenses in advance. Conversely, a corporation is free not to provide for advancement at all, or to provide it in limited situations. Therefore, any agreement on the part of a corporation to provide advancement rights should be construed according to its terms.

■■■ It is a fundamental principle that the rules used to interpret statutes, contracts, and other written instruments are applicable when construing corporate charters and bylaws. *See Hibbert v. Holly-*

*wood Park, Inc.*, Del.Supr., 457 A.2d 339, 343 (1983). Following those rules, if the bylaw's language is unambiguous, the Court need not interpret it or search for the parties' intent. *Id., citing Nepa v. Marta*, Del.Supr., 415 A.2d 470 (1980). The bylaw is construed as it is written, and the language, if simple and unambiguous, is given the force and effect required. *Id.*

■■■ There is only one interpretation of the bylaw in question. SinglePoint's bylaws clearly state that advancement is mandatory only for an "Indemnitee who ... was or is threatened to be made a named defendant or respondent in a Proceeding." It is clear that SinglePoint decided not to provide for advancement to the broadest extent possible under the law, but limited it to situations in which the director is a named defendant or respondent in an action. Such a decision is entirely consistent with 8 *Del.C.* § 145(e).

Upon review of the record and the contentions of the parties, we conclude that the Court of Chancery's ruling that there is no ambiguity in SinglePoint's bylaws, which mandate advancement only where a director is a "named defendant or respondent" in litigation, is supported by the record. We agree with the Court of Chancery that this language precludes mandatory advancement when the director acts a plaintiff in commencing litigation against the corporation. Accordingly, we affirm. Because we conclude that the language of SinglePoint's bylaws controls the current dispute, we do not reach the contention that advancement is unavailable to a director who is acting solely to protect his personal interests, rather than those of the corporation.

The judgment of the Court of Chancery is AFFIRMED.