**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

MIKHAIL GORODETSKIY,

            Plaintiff,

    v.

HONEYWELL INTERNATIONAL INC.,

            Defendant.

)
)
)
)
)
)
)
)
)
)

C.A. No. 2025-1085-LM (MTZ)

## <u>ORDER DISMISSING EXCEPTIONS</u>

WHEREAS:

A.     On April 22, 2026, a Magistrate in Chancery issued a final report in this matter concluding plaintiff Mikhail Gorodetskiy is not entitled to advancement (the "Final Report").[1] The Final Report recommended granting defendant Honeywell International Inc.'s ("Honeywell") motion to dismiss, and denying Gorodetskiy's motion for summary judgment, motion for default judgment, and request for fees-on-fees.

B.     Gorodetskiy filed a notice of exceptions on April 27 (the "Exceptions").[2] The matter was reassigned to the undersigned for the purpose of

---

[1] Docket Item ("D.I.") 27.

[2] D.I. 28.

hearing the Exceptions,[3] and the parties completed briefing the Exceptions on June 17.[4]

C.      Gorodetskiy submitted an advancement demand dated February 11, 2025.[5]   That demand was not accompanied by an undertaking or by any representations about an undertaking.[6]   Honeywell did not respond.[7]   Gorodetskiy filed suit on September 24, stated he was "prepared to provide an undertaking in the form attached hereto as Exhibit D," and attached a blank form.[8]   Honeywell then raised the lack of an undertaking, and Gorodetskiy submitted a signed undertaking on October 14.[9]

D.      Gorodetskiy seeks advancement under Honeywell's certificate of incorporation.  The primary issue before the Magistrate and on exception is whether Gorodetskiy was entitled to sue for advancement before he delivered an undertaking. Article Eleven of Honeywell's certificate states, in relevant part:

> (A) *Right to Indemnification* . . . [I]f the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a Director or officer . . . shall

---

[3] D.I. 29.

[4] D.I. 33; D.I. 35; D.I. 37.

[5] D.I. 1 [hereinafter "Compl."] Ex. C.

[6] *Id.*

[7] Compl. ¶ 8.

[8] *Id.* ¶ 29, Ex. D.

[9] *See* D.I. 8; D.I. 9, Ex. 1.

be made only upon delivery to the corporation of an undertaking . . . .

(B) *Right of Indemnitee to Bring Suit*. If a claim under paragraph (A) of this Section is not paid in full by the corporation within sixty days after a written claim has been received by the corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be twenty days, the indemnitee may at any time thereafter bring suit against the corporation to recover the unpaid amount of the claim.[10]

AND NOW, on this 22nd day of June, 2026, the Court finds and orders as follows:

1. A hearing on the Exceptions is unnecessary. The Court has considered the issue presented *de novo*.[11]

2. A Honeywell indemnitee is entitled to advancement only upon delivery of an undertaking "if the Delaware General Corporation Law requires."[12] A Honeywell indemnitee may bring suit to enforce his advancement right after a valid claim for advancement goes unpaid in full for twenty days.[13] So, before a Honeywell indemnitee can sue for advancement, the indemnitee must first perfect his claim for

---

[10] Compl. Ex. A, art. Eleventh ¶¶ 2(A), (B).

[11] *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[12] Compl. Ex. A, art. Eleventh ¶ 2(A); *see Gentile v. SinglePoint Fin., Inc.*, 788 A.2d 111, 113 (Del. 2001) ("[A]ny agreement on the part of a corporation to provide advancement rights should be construed according to its terms.").

[13] *Id.* art. Eleventh ¶ 2(B).

advancement—including by delivering an undertaking "if the Delaware General Corporation Law requires"—and then twenty days must pass without that claim being paid in full.[14]

3.    The question is therefore what the Delaware General Corporation Law requires. Under Section 145(e), if a corporation elects to provide advancement, that advancement is conditioned "upon receipt of an undertaking."[15] In *Freeman Family LLC v. Park Avenue Landing LLC*, this Court held that an advancement demand accompanied by a commitment to comply with an undertaking requirement, followed by an undertaking months later, was sufficient to satisfy an undertaking requirement.[16] The Court "g[a]ve the undertaking meaning based on its substance, not its form."[17]

---

[14] *Id.* art. Eleventh ¶¶ 2(A), (B).

[15] 8 *Del. C.* § 145(e).

[16] *Freeman Fam. LLC v. Park Ave. Landing LLC*, 2019 WL 1966808, at *9 (Del. Ch. Apr. 30, 2019); *accord Delphi Easter P'rs Ltd. P'ship v. Spectacular P'rs, Inc.*, 1993 WL 328079, at *6–7 (Del. Ch. Aug. 6, 1993) (giving effect to counsel's commitment to an undertaking sent to limited partners, rather than the indemnifying partnership).

[17] *Freeman Fam.*, 2019 WL 1966808, at *9; *accord Delphi Easter*, 1993 WL 328079, at *7 (forgiving a "simple oversight" in the absence of "any financial ill effects from the lack of an enforceable undertaking"); *In re Genelux Corp.*, 2015 WL 6390232, at *5 (Del. Ch. Oct. 22, 2015) (declining to conclude a three-month delay in providing the requisite undertaking defeated entitlement to advancement in part because the case was expedited).

4.     Even under *Freeman Family*'s flexible framework and this Court's prioritization of substance over form in considering the undertaking requirement,[18] Gorodetskiy did not do what he had to do before he could sue. His demand did not commit to comply with the undertaking requirement.[19] He did not indicate any position on the undertaking until after he sued.[20] Under Honeywell's certificate, Gorodetskiy sued before Honeywell was required to pay his advancement claim, and before the twenty-day waiting period was triggered.[21]

5.     Gorodetskiy's Exceptions are **DISMISSED.**

---

[18] *See* 2019 WL 1966808, at *9.

[19] *See* Compl. Ex. C.

[20] Honeywell raised Gorodetskiy's failure to deliver the requisite undertaking when it first spoke on the issue, after Gorodetskiy attempted to enforce his advancement right. D.I. 8; *see Underbrink v. Warrior Energy Servs. Corp.*, 2008 WL 2262316, at *14 (Del. Ch. May 30, 2008) (giving effect to an undertaking where the company "did not object" to its form at the time of denying advancement and "did not specify, even generally, the basis for their later objection until . . . shortly before trial"); *Freeman Fam.*, 2019 WL 1966808, at *9 n.67 (noting the company "did not raise the issue of the undertaking until its reply brief").

[21] *See Wong v. USES Hldg. Corp.*, 2016 WL 769043, at *1 (Del. Ch. Feb. 26, 2016) ("Until Plaintiffs perfected their requests for advancement by providing the undertakings, they had no right to advancement or to fees on fees because USES had no obligation to advance any amount to Plaintiffs." (citing *Underbrink*, 2008 WL 2262316, at *13)).

This holding does not speak to whether Gorodetskiy's delay in presenting an undertaking undermined his right to advancement. *See id.* ("Once the undertakings were delivered, the Plaintiffs' rights to advancement were established, and, from that point on, they are entitled to recover their 'fees on fees.'"); *Delphi Easter*, 1993 WL 328079, at *6–7; *Genelux*, 2015 WL 6390232, at *5.

5

                                            */s/ Morgan T. Zurn*
                                   Vice Chancellor Morgan T. Zurn