VINCENZO VIGLIOTTI vs. ANGELO CAMPANO.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

A witness as to market price or value, who has had sufficient experience to co-ordinate and evaluate information derived by him from trustworthy sources, may be permitted to state his conclusions, although the sources of his knowledge would in themselves be inadmissible as hearsay.

In the present case, the trial court admitted the opinions of two witnesses, actively engaged in farming, as to the prevailing rate of wages for farm labor at a certain season of the year, although neither of them employed help during that season, and both reached their conclusions principally from information given them by others. *Held* that the trial court did not err; and that the "prevailing rate" of wages for farm labor was substantially equivalent to its market price.

The fact that the plaintiff, at the expiration of an agreement to work for stated wages upon the defendant's farm for a period of three years, entered into and, for a further period of five years, performed a new contract whereby he operated the farm at his own expense, sharing the produce with the defendant, was relevant and material upon the issue of the truth and reasonableness of the plaintiff's claim that the defendant had paid only $100 of the $2,000 due him under the first contract of employment; and the trial court, therefore, erred in instructing the jury that the later agreement had nothing to do with the case.

Argued April 15th—decided May 29th, 1926.

ACTION to recover compensation for services as a farm laborer, alleged to have been performed by the plaintiff for the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Baldwin, J.;* verdict and judgment for the plaintiff for $2,312, and appeal by the defendant. *Error and new trial ordered.*

*William A. Bree,* for the appellant (defendant).
*Ward Church,* for the appellee (plaintiff).

MALTBIE, J.  The plaintiff brought this action to recover for services rendered the defendant upon his farm, offering evidence to prove and, as the verdict shows, proving to the satisfaction of the jury, that he was promised $5 a month in excess of the rate of wages that other farmers in the locality were paying.  To establish that rate of wages he offered two witnesses; one, a farmer who employed labor only eight months of the year, and who stated that his only knowledge as to wages paid during the other four months was from information given him by others, was permitted, over the defendant's objection, to state "the common rate of pay" for a farm laborer during those four months; and the other, also a farmer, who worked his farm with the assistance of his five sons and had not employed any outside labor, was permitted, over objection, to answer a similar question, the basis of his knowledge being in part the wages asked by men who sought employment from him, but principally information given him by others.  The objection to both witnesses was that they were not competent to answer the questions, largely because the sources of their information, if offered in evidence, would be objectionable as hearsay.  The mere fact that the opinion given by a witness as to value is derived from sources which would not in themselves be admissible in evidence does not render that opinion inadmissible.  *Burn* v. *Metropolitan Lumber Co.,* 94 Conn. 1, 6, 107 Atl. 609, quoting *National Bank of Commerce* v. *New Bedford,* 175 Mass. 257, 261 56 N. E. 288; *Henry* v. *Kopf,* 104 Conn. 73, 80, 131 Atl. 412; *Bryan* v. *Branford,* 50 Conn. 246, 249; *Whitney* v. *Thacher,* 117 Mass. 523, 527; *Laurent* v. *Vaughn,* 30 Vt. 90, 95; *Hoxsie* v. *Empire Lumber Co.,* 41 Minn. 548, 551, 43 N. W. 476; 3 Chamberlayne on Evidence, § 2099c. It is true that the specific questions

before us were directed to the prevailing rate of wages rather than to market price, but the two are substantially tantamount and indistinguishable. Laughlin, J., in *Ryan* v. *City of New York,* 78 App. Div. 134, 139, 79 N. Y. Supp. 599, 603. Both of the witnesses derived their information from sources fairly trustworthy and both had had sufficient experience to co-ordinate and evaluate that information and so to come to a conclusion which the trial court might well hold worthy of consideration by the jury. 3 Chamberlayne on Evidence, § 2152.

The parties are agreed that when the employment of the plaintiff under the arrangement we have been discussing ceased, he continued on the farm for a period of four or five years under an agreement with the defendant by which he was to work it, was to pay taxes, insurance premiums, interest upon a mortgage, water rent and the incidental expenses of operating it, and was to give the defendant a certain portion of the products raised upon it. In the charge, the trial court told the jury to disregard that agreement as not germane to the issues involved in this action and not relating to any existing obligation from one party to the other. The defendant now complains of this portion of the charge. The plaintiff claimed that, during the time that the employment under the first arrangement lasted, the defendant had paid him only $100, and that, when the new agreement was made, the defendant owed him over $2,000, for services beginning nearly three years before. The defendant, on the other hand, claimed to have proven that he had paid the plaintiff each month all that was due to him, and that the plaintiff had made no demand upon him for unpaid wages until the present action was brought, after the defendant had served him with notice to quit possession of the farm. With the issues

so framed, the defendant might properly claim that
the making of the new agreement, and the continuance
of the plaintiff upon the farm for four or five years
there after in accordance with it, gave rise to certain
inferences pointing to the improbability of the correct-
ness of the plaintiff's contention; and the jury cer-
tainly were entitled to consider these facts and the
weight to be accorded them. Very likely, as the lan-
guage of the charge suggests, the trial court was at-
tempting to guard against the improper use by the
jury of the circumstances connected with the making
of the agreement, but it could have fully accomplished
that purpose by offering such comments and giving
such instructions as would have pointed out the proper
bearing of the facts in question upon the issues in the
case.   The court was not justified in withdrawing
them entirely from the consideration of the jury.
*Temple* v. *Gilbert,* 86 Conn. 335, 345, 85 Atl. 380.

There is error and a new trial is ordered.

In this opinion the other judges concurred.