SALVATORE BIANCO *v.* FLOATEX, INC.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 6—decided July 30, 1958

*Edward B. Scott,* for the appellant (defendant).

*John M. Scanlon,* for the appellee (plaintiff).

DALY, C. J. The plaintiff brought this action to recover from the defendant the reasonable value of services rendered, materials furnished and the use

of his truck. The court found the following facts: In March, 1955, the defendant agreed to pay the plaintiff for services, including work as a general handy man and that requiring the use of his truck. Thereafter, the plaintiff, over a period of four or five months, spent about 400 hours rendering services to the defendant. At different times the plaintiff purchased shares of stock in the defendant corporation at a price of $10 per share, the par value of the stock. The total number of the shares purchased by him was 100, for which he paid $1000. The defendant issued 25 shares of its stock, with a par value of $250, to the plaintiff as part payment for his services and later purchased the 125 shares then owned by him for $1250. The issue of the 25 shares of stock of the value of $250 was the only payment made by the defendant to the plaintiff for his services. The reasonable value of the plaintiff's services and the use of his truck was $1450. The defendant made a part payment of $250.

The court concluded that the reasonable value of the plaintiff's services and the use of his truck was $1450, that the defendant had paid $250 to him, and that the plaintiff was entitled to recover $1200. The defendant has appealed. In its assignment of errors, it claims that the court found without evidence that the defendant issued 25 shares of stock of the par value of $250 to the plaintiff as part payment for his services and that the defendant made a part payment of $250. As there was evidence to support these findings, this claim is without merit. The defendant contends, also, that the court erred in finding, without evidence, that the reasonable value of the plaintiff's services was $1450. The plaintiff testified that the reasonable value was $2250. "There can be no recovery for the reasonable value of services rendered

unless evidence has been introduced as to what that reasonable value was. . . . Damages are an essential element of the plaintiff's proof before he is entitled to recover. . . . They must be proved with reasonable certainty." *Braithwaite* v. *Lee*, 125 Conn. 10, 13, 14, 2 A.2d 380; *Freda* v. *Smith,* 142 Conn. 126, 136, 111 A.2d 679. While there was evidence that at times during the period of employment the plaintiff rendered only personal services and that at other times he furnished and operated his truck, there was no evidence from which the court could determine, even approximately, the amount of time spent in either type of endeavor. It is obvious that the reasonable value of the plaintiff's services during such times as they included the furnishing and operation of his truck would be greater than that of his mere personal services, which were those of a handy man. There was no evidence either from the plaintiff or from any other source as to the reasonable value, on a daily, hourly or any other time basis, of his personal services or of his furnishing and operating the truck.

Thus the court was left with no adequate basis for determining either the amount and types of service rendered or a reasonable rate of compensation for any part of the services. Under these circumstances, the mere statement of the plaintiff that the reasonable value of his over-all efforts, including the use of his truck for an unknown portion of the time, was $2250 was an inadequate basis for the court's finding that the reasonable value was $1450 or, for that matter, any other amount. As there was no adequate evidence of what the reasonable value of the plaintiff's services was, the court erred in finding that it was $1450 and in reaching its conclusions based upon that finding.

There is error in part; the judgment is affirmed except as to the amount of damages awarded and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.