HILDA A. ANDERSON v. ABRAHAM ZWEIGBAUM, ADMINISTRATOR (ESTATE OF ERIK H. SKOGLUND)

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued April 3—decided April 25, 1963

*Abraham Zweigbaum,* for the appellant (defendant).

*Robert I. Berdon,* with whom, on the brief, was *David D. Berdon,* for the appellee (plaintiff).

KING, J.   For about six years prior to September, 1953, the plaintiff kept house, in New Haven,

for Edward Johnson, the uncle of Erik H. Skoglund, the defendant's decedent. The plaintiff lived in the Johnson home and received some wages in addition to her board and room. During most of the period, Skoglund also lived in the Johnson home. He was a bachelor and owned a five-room house in North Haven into which he moved soon after Johnson's death in September, 1953. The foregoing facts were not the subject of any real dispute.

The plaintiff claimed that at or about the time Skoglund moved into his North Haven home, he asked her to move into it also and to continue her housekeeping work there; and that he promised her that if she would do so and take care of the house and of him, he would provide her with a home and if anything happened to him during her lifetime he would leave her the house. There was no real dispute that the plaintiff did move into Skoglund's house sometime in September, 1953, and that she worked there as a housekeeper for about seven years until Skoglund's death in October, 1960.

There was evidence that Skoglund, who was fifty-seven at the time of his death, was about twenty-two years younger than the plaintiff, that he was a very heavy man, weighing well over 300 pounds, and that he suffered from bleeding ulcers and a heart ailment and required a somewhat restricted diet. It was undisputed that the plaintiff received no wages, and billed Skoglund for none, during the entire period. The plaintiff claimed that she did the work in reliance on Skoglund's promise that if anything happened to him she would receive the house. The defendant claimed that the plaintiff performed the services in order to get a home and that she did not

expect or receive, and that she was not promised, any further consideration or compensation.

Skoglund died intestate, and the plaintiff, who was unrelated to him, received nothing. A claim for compensation for the services she had rendered was duly presented to, and disallowed by, the defendant as administrator, whereupon the plaintiff brought this suit, seeking to recover the reasonable value of her services. From a verdict for the plaintiff in the amount of $13,504.40, the defendant appealed.

Since the claimed agreement called for the conveyance of real estate and was entirely oral, it was unenforceable because of the Statute of Frauds. *Schempp* v. *Beardsley,* 83 Conn. 34, 37, 75 A. 141. It was not, however, a nullity or irrelevant to the plaintiff's case. It indicated that the parties expected that the plaintiff would receive compensation over and above her mere food and lodging. Id., 38; *Leahy* v. *Cheney,* 90 Conn. 611, 615, 98 A. 132. It also precluded the plaintiff from claiming wages prior to Skoglund's death and therefore prevented the Statute of Limitations from commencing to run against her claim until its accrual at that time. *Schempp* v. *Beardsley,* supra; 2 Locke & Kohn, Conn. Probate Practice § 512, p. 578. The measure of the plaintiff's recovery if the jury found the issues in her favor, as they obviously did, was the reasonable value of the services which she rendered, over and above the value of the food and lodging which she received. *Schempp* v. *Beardsley,* supra. Her recovery was not measured by the value of the promised consideration, the house, for so to measure the recovery would be indirectly to enforce the contract. Ibid.; 2 Locke & Kohn, op. cit. § 513.

The charge as given adequately explained our "clear and satisfactory proof" rule. *Perkins* v. *Corkey,* 147 Conn. 248, 251, 159 A.2d 166. The charge also clearly placed on the plaintiff the burden of proving the agreement alleged and the fair value of the services rendered under it. Id., 250. Proof of the fair value of the plaintiff's services involved two elements. *Leahy* v. *Cheney,* supra, 617. The first was the nature and extent of the services which the plaintiff performed. *Bianco* v. *Floatex, Inc.,* 145 Conn. 523, 525, 144 A.2d 310. The second was the reasonable value of those services. *Vigliotti* v. *Campano,* 104 Conn. 464, 465, 133 A. 579. The only direct evidence of the fair value of the plaintiff's work was her own testimony that her services were reasonably worth $35 a week. This testimony came in over the defendant's objection that no adequate foundation had been laid as to the plaintiff's knowledge of the fair value of the services rendered by her over the seven-year period. In a situation such as this, involving the manifold tasks incident to housekeeping, mathematical precision, either in the proof of the household tasks performed or in their evaluation, would be, practically speaking, impossible. See cases such as *Hedderman* v. *Robert Hall of Waterbury, Inc.,* 145 Conn. 410, 414, 144 A.2d 60; *Ball* v. *T. J. Pardy Construction Co.,* 108 Conn. 549, 551, 143 A. 855. Reasonable certainty is, however, required. *Bianco* v. *Floatex, Inc.,* supra; *Freda* v. *Smith,* 142 Conn. 126, 136, 111 A.2d 679; *Braithwaite* v. *Lee,* 125 Conn. 10, 14, 2 A.2d 380. The plaintiff offered evidence, with reasonable particularity and with considerable corroboration from neighbors, as to what she did as a housekeeper. Of the sufficiency of this evidence the defendant makes no complaint. His complaint is

confined to the claimed insufficiency and incompetency of the evidence as to the reasonable value of those services.

Under the modern rule, a plaintiff is competent to give his opinion as to the reasonable value of his own services, after they have been described with reasonable particularity. *Somers* v. *Cooley Chevrolet Co.,* 146 Conn. 627, 630, 153 A.2d 426; 3 Wigmore, Evidence (3d Ed.) § 715, p. 47.[1] A defendant has a full opportunity, on cross-examination, to test a plaintiff's familiarity with the prevailing rate or market value in the community of work of the same general character, as bearing on the weight to be given his testimony. A defendant may offer evidence as to the services performed by a plaintiff or their reasonable value, and even in the absence of such evidence the trier is not bound by the evidence of a plaintiff, either as to the services he performed or as to their value. *Carangelo* v. *Nutmeg Farm, Inc.,* 115 Conn. 457, 463, 162 A. 4. Even if a plaintiff's evidence of reasonable value is uncontradicted and comes only from expert witnesses, the trier may allow a lesser figure. *Clark* v. *Haggard,* 141 Conn. 668, 674, 109 A.2d 358; *Graybill* v. *Plant,* 138 Conn. 397, 402, 85 A.2d 238; *Taft* v. *Valley Oil Co.,* 126 Conn. 154, 161, 9 A.2d 822. In the present case, had the evidence as to reasonable value been elicited from witnesses other than the plaintiff, who herself rendered the services, a proper foundation of knowledge of the prevailing rate or market value in the general area of work

---

[1] Similarly, a plaintiff, although no qualification other than his ownership is shown, is competent to testify as to the value of his personal property; *Saporiti* v. *Austin A. Chambers Co.,* 134 Conn. 476, 479, 58 A.2d 387; or as to the value of his real property. *Lovejoy* v. *Darien,* 131 Conn. 533, 536, 41 A.2d 98.

of the type involved would have been required, under the rule of cases such as *Leahy* v. *Cheney*, 90 Conn. 611, 617, 98 A. 132, and *Vigliotti* v. *Campano*, 104 Conn. 464, 465, 133 A. 579. Obviously, the safer course for a plaintiff to follow is to offer the evidence of others rather than to rely solely on his own testimony. But the court was not in error in admitting the plaintiff's testimony as to the fair value of her services.

Our "clear and satisfactory proof" rule does not, as matter of law, require corroboration of a plaintiff's testimony. *Perkins* v. *Corkey*, 147 Conn. 248, 253, 159 A.2d 166. The amount of the verdict indicates that the jury accepted the plaintiff's estimate of the value of her services. Her evidence was sufficient to support the verdict, and there was no error in the refusal of the court to set it aside.

The other claims of error require no discussion.

There is no error.

In this opinion the other judges concurred.