[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
The plaintiff moves to dismiss the defendants' counterclaims on the grounds that the plaintiff, the Commissioner of Environmental Protection, is immune and that the court lacks subject matter jurisdiction over the counterclaims.
The plaintiff moves to strike the defendants' special defense on the grounds that it is legally insufficient.
The following facts are alleged in the pleadings. The plaintiff, Leslie Carothers, the Commissioner of Environmental Protection, sues Kement Son Construction Inc., Stanley J. Kement, Sr., and Isabella H. Kement [the defendants] in a three-count complaint in connection with the defendants' alleged failure to comply with an order issued by the plaintiff in January 1990. Count one alleges that the defendants have not complied with the January 22, 1990 order requiring them to obtain permits in connection with a solid waste disposal area, and have not modified the disposal site as ordered to do. Count two alleges that the defendants own property on which leachate is generated in violation of Conn. Gen. Stat.22a-430, which prohibits leaching without a permit. Count three alleges that the defendants altered the waste disposal site in violation of Conn. Gen. Stat. 22a-208a(b) by constructing on it. The plaintiff requests temporary and permanent injunctions, statutory civil penalties and costs in connection with its investigation of the violations. In their allegations, the defendants raise a settlement agreement entered into between them and a previous environmental commissioner regarding the subject waste disposal site.
The defendants answered, asserted a special defense, and i alleged one counterclaim. The defendants subsequently sought leave to amend the counterclaim and attached four substitute counterclaims. (The special defenses will be discussed later.) The plaintiff did not object to the amendment within 15 days of service and therefore is deemed to have consented to it. Conn. Practice Bk. 176. The motions before the court are the plaintiff's motion to dismiss the counterclaims and motion to strike the special defense. Both parties filed memoranda of CT Page 5334 law in support of their positions as to each motion.
1. Motion to Dismiss the Counterclaim
A party may file a motion to dismiss to assert "lack of jurisdiction over the subject matter." Conn. Practice Bk. 143(1).
The defendants label count one of the counter-complaint "unconstitutional and unconscionable conspiracy;" count two is called "fraud;" count three is called "interference with contractual rights and financial expectancies;" and count four is called "slander of title." In their prayer for relief the defendants seek specific performance of the 1983 settlement agreement, compensatory damages, punitive damages and costs.
The plaintiff moved to dismiss the counter-complaint, arguing that the court lacks subject matter jurisdiction because (1) the counterclaims do not properly arise out of the subject matter of the plaintiff's complaint, see Carothers v. Connecticut Building Wrecking, 19 Conn. App. 216 (1989) (court affirms dismissal of counterclaim on this same ground), and (2) the commissioner, as a state official, is immune from suit, thereby depriving the court of subject matter jurisdiction over the counterclaims.
Sovereign immunity implicates the court's subject matter jurisdiction. Wiley v. Lloyd, 4 Conn. App. 447, 449 (1985); Horton v. Meskill, 172 Conn. 615, 624 (1977). Absent specific legislation or consent, the state may not be sued. Lacasse v. Burns, 214 Conn. 464, 468 (1990). "[S]ince the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state." White v. Burns, 213 Conn. 307, 312 (1990). The plaintiff environmental commissioner is a state agent when performing her statutory duties. Conn. Gen. Stat. 22a-9 (1991).
The defendants do not allege in the counter-complaint that the state consented to be sued nor do they set forth a statute that allows the state to be sued under these facts. However, "[s]overeign immunity does not bar suits against state officials acting in excess of their statutory authority. . . . [T]he state cannot use sovereign immunity as a defense in an action for declaratory or injunctive relief. . . However, `in the absence of legislative authority. . .we have declined to permit any monetary award against the state or its officials.'" Krozser v. New Haven, 212 Conn. 415, 421
(1989), quoting Doe v. Heintz , 204 Conn. 17, 32 (1987).
Additionally, "[i]n a constitutional democracy sovereign CT Page 5335 immunity must relax its bar when suits against the government complain of unconstitutional acts. . . .The allegations of such a complaint and the factual underpinnings if placed in issue, must clearly demonstrate an incursion upon constitutionally protected interests." Barde v. Board of Trustees, 207 Conn. 59,64 (1988).
a. Count one of the counter-complaint
The defendants allege that the Connecticut Attorney General (who is not a party to the suit) and the plaintiff conspired to deprive the defendants of their property rights without due process of law by commencing the present suit against them. In the 12-page count, the defendants allege that they complied with a settlement agreement and judgment reached in 1983 relating to the disposal site, and therefore the present suit was commenced without merit. Additionally, the defendants allege a conspiracy because in 1987, the Connecticut Attorney General declared an approval given by then-Commissioner Stanley J. Pac closing the landfill unenforceable as it should have been in the form of a permit. The defendants allege that they will suffer "great hardship and financial damages" because of the conspiracy.
Neither the defendants' allegations of a conspiracy nor their conclusory allegations of a property deprivation rise to the level of a constitutional violation nor a claim that the plaintiff acted in excess of statutory authority. We conclude that count one does not allege an exception to the state's sovereign immunity. Accordingly, count one is dismissed because the state has not consented to being sued for conspiracy and thus the court lacks subject matter jurisdiction over the count.
b. Counterclaims two, three and four
The following counterclaims do not allege constitutional violations and therefore do not fall within the exception above. Counterclaims two, three and four seek money damages against the state, including reimbursement of $11,035,000 which defendants allege as damages. The defendants have not alleged that they presented their monetary claims to the claims commissioner, which a claimant against the state must do. Conn. Gen. Stat. 4-160. "The Superior Court, therefore, has no authority to hear a claim for monetary damages against the state when the doctrine of sovereign immunity is applicable. That jurisdiction, in the first instance, resides by statute solely in the claims commissioner." Krozser, 212 Conn. at 424
(footnote omitted). CT Page 5336
The defendants have not alleged an exception to the state's sovereign immunity with respect to their counterclaims seeking money damages. Nor, does it appear that the defendants have sought permission to sue the state from the claims commissioner. We conclude, therefore, that the court lacks subject matter jurisdiction over counterclaims two, three and four, and accordingly they are dismissed.
We go on now to consider the plaintiff's motion to strike the defendants' special defense.
2. Motion to Strike
Along with their answer, the defendants asserted four special defenses, which seem to argue permission, compliance, res judicata, and compliance (again). In response to a request to revise, the defendants filed one special defense on February 11, 1991. Subsequently, the defendants requested leave to amend the special defense, to which the plaintiff objected. Per court order, the present motion to strike addresses the revised special defense dated February 11, 1991.
A party may contest in the motion to strike "the legal sufficiency of the allegations of any . . . special defense . . . to state a claim upon which relief can be granted." Conn. Practice Bk. 152. The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, 196 Conn. 91, 108 (1985).
The revised special defense argues that the plaintiff cannot enforce the January 1990 order because the 1983 settlement agreement should have res judicata effect and that the plaintiff should be estopped from trying to enforce the order because they relied on prior rulings and approvals from the plaintiff's office. The defendants describe the events leading up to the 1983 settlement agreement and the actions they took to comply with it. They further describe how the attorney general notified them that an approval they received in 1984 was not enforceable and that they needed a permit to comply with the settlement agreement. They argue that the settlement agreement should "go forward and the so-called `New Order' be declared a nullity."
The plaintiff argues that the defendants should have appealed the January 1990 order, and because they did not, it became final and unreviewable. Additionally, the plaintiff argues that the defendants have not alleged sufficient facts that bring their estoppel claim within the narrow governmental exception. CT Page 5337
a. Res Judicata
"Res Judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits." Virgo v. Lyons, 209 Conn. 497, 501 (1988). The plaintiff seeks to enforce an order issued because of events occurring after the 1983 settlement agreement, which the defendants attempt to use to bar this lawsuit. The defendants have not alleged sufficient facts to state a defense that the present lawsuit has been previously litigated. Accordingly, the special defense, insofar as it purports to assert res judicata, is stricken.
b. Estoppel
 Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . . [E]stoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency.
Kimberly-Clark Corp. v. Dubno, 204 Conn. 137, 148 (1987).
 [E]stoppel may not be invoked against a public agency in the exercise of its governmental functions. . . . Nevertheless, we noted that an exception to this general rule is made where the party claiming estoppel would be subjected to a substantial loss if the public agency were permitted to negate the acts of its agents.
Id. at 147.
The defendants allege that Stanley J. Pac, the commissioner prior to the plaintiff, approved the applications regarding the closure of the landfill, and that four years later, the attorney general said the approval was unenforceable CT Page 5338 and that the defendants needed to obtain a permit. If these facts are sufficient to allege estoppel, they do not relate to the order issued in January 1990. As the plaintiff argues, the defendants could have contested the order and raised the estoppel argument then. The defendants do not allege that they relied on statements prior to the January 1990 order and that they were then damaged because of such reliance. We conclude that the defendants have not alleged facts sufficient to state a claim that the plaintiff should be estopped from enforcing the January 1990 order.
The court grants the motion to strike the defendants' special defense.
M. HENNESSEY, JUDGE