[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#109)
The following facts are alleged in the complaint. On or about October 4, 1989, Edward J. Toomey, III was operating a vehicle on Route 7 in North Canaan, Connecticut when a tree fell on the vehicle. The tree had grown on land within the limits of Route 7 on land owned or controlled by the defendant State of Connecticut (the "State"). Edward J. Toomey, III and a passenger, Mary Margaret Comporesi, were killed as a result of the tree falling on the vehicle. Another passenger, plaintiff Berenice C. Toomey, was injured as a result of the tree falling on the vehicle.
Plaintiff Berenice C. Toomey is the executor of the estate of Edward C. Toomey, III. Plaintiff John J. Comporesi is the executor of the estate of Mary Margaret Comporesi. Counts one and two of the complaint are wrongful death actions which allege that the State's negligence resulted in the deaths of Edward J. Toomey, III and Mary Margaret Comporesi. The third count alleges that the State's negligence resulted in the injuries sustained by Berenice C. Toomey. In the fourth and fifth counts, Berenice C. Toomey alleges that the State negligently inflicted emotional distress upon her in that the State's negligence caused her to witness the deaths of her husband, Edward J. Toomey, III, and her mother, Mary Margaret Comporesi.
The procedural history of this case is not in dispute. The plaintiff timely filed notices of claim with the Commissioner of Transportation in accordance with General Statutes Section 13a-144 and with the Claims Commissioner in accordance with General Statutes 4-147. The plaintiffs initially sought permission from the Claims Commissioner to sue the State pursuant to General Statutes 4-160[1]. On July 19, 1988, the Office of CT Page 8899 the Attorney General sent a letter to the Claims Commissioner, pursuant to General Statutes 4-149, which stated that the Claims Commissioner should dismiss the claim because the claim could be brought directly to the Superior Court under the defective highway statute, General Statutes13a-144. See General Statutes 4-142(2) (Claims Commissioner is not empowered to hear and determine "claims upon which suit otherwise is authorized by law.") Thereupon, on August 22, 1988, the plaintiffs brought a timely defective highway action against the State in the Superior Court. On September 21, 1990, the court struck all four counts of the plaintiffs' complaint on the ground that the plaintiffs had no remedy under the defective highway statute. The plaintiffs returned to the Claims Commissioner and on July 24, 1991, the Claims Commissioner waived the State's sovereign immunity and authorized the plaintiffs to bring the present action. (See State's Memorandum, Exhibit D, Finding and Order of Claims Commissioner.) The present action was commenced by service of process on August 6, 1991.
The State now moves to dismiss counts one and two on the grounds that the wrongful death actions alleged therein were not brought within the time allowed by General Statutes 52-555.
The State now moves to dismiss counts one and two on the ground that the wrongful death actions alleged therein were not brought within the time allowed by General Statutes 52-555. The State also moves to dismiss counts four and five of the complaint on the ground that the plaintiffs failed to allege that the State waived sovereign immunity as to the emotional distress claims alleged therein.
"Practice Book 143 provides in relevant part: `The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . .'" Southport Manor Convalescent Center, Inc. v. Foley,216 Conn. 11, 12 n. 1, 578 A.2d 646 (1990). "The motion to dismiss. . . `admits all facts well pleaded, invokes the existing record and must be decided upon that alone.'" Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). "Furthermore, in the area of subject matter jurisdiction . . . `the court should indulge every presumption in favor of subject matter jurisdiction.'" Caserta v. Zoning Board of Appeals,219 Conn. 352, 363, 593 A.2d 118 (1991), quoting LeConche v. Elligers, 215 Conn. 701, 714, 579 A.2d 1 (1990) (citation omitted). To that end, the court must "consider the allegations of the complaint in the light most favorable to the plaintiff." Cummings v. Tripp, 204 Conn. 67, 75, 527 A.2d 230
(1987) (citations omitted).
I.
CT Page 8900 The State points out that General Statutes 52-555 provides:
 In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries and nursing services, and including funeral expenses, provided no such action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of.
The State further notes that the present action was commenced more than two years after the occurrence which allegedly caused the plaintiffs' decedents' deaths. The State argues that because the time limitation contained in General Statutes 52-555 is a substantive element of the right itself and is jurisdictional in nature; Ecker v. West Hartford,205 Conn. 219, 233, 530 A.2d 1056 (1987); the court should dismiss this action because it lacks jurisdiction to hear it.
The plaintiffs argue that they were caught between a jurisdictional Scylla and Charybdis in that until the Claims Commissioner authorized the plaintiffs' suit, the court was without jurisdiction to hear the plaintiffs' claims. Krozser v. New Haven 212 Conn. 415, 421,562 A.2d 1080 (1989). The plaintiffs further argue that because the Claims Commissioner did not authorize the plaintiffs to bring the wrongful death claims alleged in counts one and two of the complaint until more than two years after the incident which gave rise to those claims, the plaintiffs would be without a remedy unless the statute of limitations contained in General Statutes 52-555 was tolled until the Claims Commissioner authorized the plaintiffs to bring their claims.
"Ordinarily, in order to trigger the start of the limitations period, a cause of action is deemed to accrue on the date the plaintiff could first have successfully commenced a suit based on that cause of action." (Citations omitted.) Zenobi v. Exxon Co., U.S.A., 577 F. Sup. 514, 516-17
(D.Conn. 1983); Anderson v. Zweigbaum, 150 Conn. 478, 481, 191 A.2d 133
(1963); Lippitt v. Ashley, 89 Conn. 451, 484; Schempp v. Beardsley,83 Conn. 34, 37, 75 A. 141 (1910); Burns v. Koellmer, 11 Conn. App. 375,388-89, 527 A.2d 1210 (1987). Accordingly, because the plaintiffs could not successfully commence their suit until authorized by the Claims Commissioner, the statute of limitations contained in General Statutes52-555 did not commence to run until the Claims Commissioner authorized the plaintiffs' suit on July 24, 1991. Further, because the plaintiffs commenced this action on August 6, 1991, the action was brought within the time allowed by General Statutes 52-555[2] 1. CT Page 8901
II.
The State argues that the court should dismiss the emotional distress claims because the plaintiffs failed to allege in counts four and five that the State had consented to be sued. "Consent is a precondition to the suit and must be specifically pleaded by the claimant." Johnson v. Meachum, 7 CSCR 202, 203 (December 13, 1991, Schaller, J.); Carothers v. Kement Son Construction, Inc., 6 CSCR 646 (June 5, 1991, Hennessey, J.); General Statutes 4-160(b). Because the plaintiff failed to allege that the state consented to the suit, the court is without jurisdiction to entertain the emotional distress claims alleged in counts four and five.
The court denies the motion to dismiss counts one and two because the statute of limitations contained in General Statutes 52-555 was tolled until the Claims Commissioner authorized suit against the State. The court grants the motion to dismiss counts four and five because the plaintiffs failed to allege that the State waived sovereign immunity as to these claims.
PICKETT, J.