[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON HEARING IN DAMAGES CT Page 4328
Plaintiffs bring this action in two counts. Count I is a statutory action based upon defendant's violation of the provisions of C.G.S. sec. 20-429. The second count is a breach of an oral contract claim based upon the defendant's performance of home improvements in an unskillful and unworkmanlike manner.
The plaintiffs, as owners of a residential home at 47 Whitehill Drive, West Hartford, Connecticut, orally contracted with the defendant to do certain home improvements. The defendant made certain improvements, but to the dissatisfaction of the plaintiffs.
The defendant entered a pro se appearance. The defendant was subsequently defaulted for failure to appear at pretrial. This case was then claimed for the hearing in damages calendar.
The plaintiffs, in their complaint recite that the oral contract price with the defendant was $6,500.00, and that the defendant was paid a total of $6,103.51. The plaintiffs claim that they were forced to expend $18,200.00 to repair and redo the improvements made by the defendant due to the defendant's poor workmanship.
The plaintiffs introduced two home improvement contacts they claim were necessary to correct the poor workmanship of the defendant. The first contract with T.J. Connelly, Inc. was for $12,500.00. The second contract was with Off The Wall Interior for $5,700.00. The cost of the two contracts totaled $18,200.00. The Off The Wall contract covered wallpaper and painting of every room in the house. From considering the testimony of the parties, the oral contract between the plaintiffs and the defendant did not encompass the work set forth in the Off The Wall contract in considering the damage element of this case.
In reviewing the T.J. Connelly, Inc. contract and the testimony of Pamela Bachner and Augustus Samuel, we note a wide discrepancy between what the parties agreed to be done in the oral contract and what items in the Connelly contract were intended to deal with the correction of the deficiencies in the oral contact.
The only matter for the court to consider in this case CT Page 4329 is a determination of damages related to failure to perform the terms of an oral contract. However, the complaint made only a general allegation of poor workmanship and unskillful work. No evidence was presented by experts in their field setting forth what items were orally agreed to be performed by the defendant, and that the work failed to meet the standards of workmanship and skillfulness in the trade. From the testimony of Pamela Bachner, we were unable to make specific findings of fact to support the assignment of costs to correct the claimed poor workmanship and unskillfulness of the defendant. Although from the testimony of Pamela Bachner, and the photographs introduced as evidence, it does appear that areas of work were not done in a workmanlike manner. However, because the contract between the plaintiffs and the defendant was oral, we cannot relate what was contemplated under the oral agreement with what was done in the Connelly contract. It was obvious to the court that many of the items performed by Connelly were not contemplated to be within the terms of the oral contract between plaintiff and defendant.
"The general rule in breach of contract cases is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that which he would have been in had the contact been performed." Beckman v. Jalich Homes, Inc., 190 Conn. 299, 309 (1983). "In making its assessment of damages for breach of a construction contract the trier must determine the existence and extent of any deficiency and then calculate its loss to the injured party." Id. p. 309-310.
 "It is axiomatic that the burden of proving damages is on the party claiming them. Gargano v. Heyman, Conn. 616, 620, 525 A.2d 1343 (1987); Conaway v. Prestia, 191 Conn. 484, 493-94, 464 A.2d 847 (1983); Dixon v. Trubisz, 17 Conn. App. 216, 217-18, 551 A.2d 1259 (1988). When damages are claimed they are an essential element of the plaintiff's proof and must be proved with reasonable certainty. Simone Corporation v. Connecticut Light 
Power Co., 187 Conn. 487, 495, 446 A.2d 1071 (1982); Bianoc [Bianco] v. Floatex, Inc., 145 Conn. 523, 525, 144 A.2d 310 (1958). Damages "are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." Humphrys v. Beach, 149 Conn. 14, 21, 175 A.2d 363 (1961); Gargano v. Heyman, supra, 621; Simone Corporation v. Connecticut Light Power Co., supra, 494-95; Bronson 
CT Page 4330 Townsend Co. v. Battistoni, 167 Conn. 321, 326-27, 355 A.2d 299 (1974), Anderson v. Zweigbaum, 150 Conn. 478, 482, 191 A.2d 133 (1963)." Expressway Associates II v. Friendly Ice Cream Corporation of Connecticut, 218 Conn. 474, 476-77 (1991).
Because we are unable to determine with reasonable certainty the amount of damages due the plaintiffs, we award nominal damages of $100.00 plus costs on Count II.
As to Count I, both parties acknowledge that the home improvement contract was an oral agreement. As such, the oral contract was in violation of C.G.S. section 20-429.
"The language of section 20-429(a) is clear and unambiguous: `No home improvement contact shall be valid unless it is in writing. . . .'" Caulkin v. Petrillo, 200 Conn. 713, 717
(1986). However, C.G.S. section 20-429 does not give rise to a cause of action because it basically operates as a shield to prevent the home owner from being sued by a contractor, rather that act as a vehicle for the home owner to sue the contactor. Benedetto v. New Bath, Inc., 2 Conn. L. Rptr. 310, 311 (1990); Gbadebo v. Sales, 4 CSR 381, 382 (March 22, 1989, O'Connor, J.); see also Barrett Builders v. Miller, 215 Conn. 316, 328-29
(1990).
Since C.G.S. sec, 20-429 does not form a basis to make a claim against the contractor, the home owners' claim must fail against this defendant on Count I.
Accordingly, judgment may enter in favor of the defendant on Count I.
Aronson, J.