[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
There is a factual dispute about the nature of the agreement or lack thereof between the parties as to the repayment of any monies loaned or given to the defendant by the decedent. The plaintiff executrix of the decedent's estate has brought this action in two counts the first count alleging liability on the theory of an oral contract. The decedent allegedly gave money to the defendant in an oral loan agreement and thus performed his part of the loan contract; the only thing that remained was for the defendant to perform her part of the agreement — to repay the money on demand. Because the contract was executed, Section 52-576, the six year statute of limitation, applies and not the three year statute of limitation of Section 52-581.
A six year statute of limitation applies to the second count of unjust enrichment, Section 52-576.
The plaintiff's right of action accrued here only when the defendant allegedly breached her agreement to repay upon demand which according to the affidavit submitted by the executrix was made sometime between October 19, 1987 and October 19, 1988.
Therefore the decedent had until at least October 19, 1993 within which to commence this action on both these counts and action was commenced in October of 1992.
At oral argument the defendant maintained, however, that pursuant to Section 52-594, when a person dies the executor of CT Page 10776 the estate would have only one year from the date of death to bring an action even if, had the decedent lived, he would have had more time to bring the action. The defendant seems to misconstrue the ameliorative purposes of Section 52-594. Clearly the legislature wished to extend the statute of limitations on an action the decedent might have had for a one year period from the date of death irrespective of the fact that the statute might have run within that year if the decedent had lived. In other words, "the executor or a administrator has all the time which the decedent, if living, would have within which to bring the action, but if less than a year remained to the decedent, his representative has a full year." Leach v. Cheney, 90 Conn. 611, 613, 614 (1916).
The Motion for Summary Judgment is denied.
Corradino, J.