[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action the plaintiffs seeks to recover for labor and material furnished in the construction of a shopping center on Connecticut Avenue in Norwalk. The plaintiffs contend that they entered into a written contract (Exhibit C) with the defendant Concrete Concepts Inc. whereby they were to be compensated for the installation of concrete at the rate of $50 per cubic yard and a lump sum of $12,000 for furnishing and installing reinforcing rods (hereinafter "rebars"). The evidence reveals that after construction began Dan Mallozzi, president of Concrete Concepts, Inc., advised the plaintiffs that this contract must be terminated because he was about to be appointed special inspector on the project by the City of Stamford Building Department and he could not act in both capacities. The plaintiffs testified that as work progressed they entered into a new agreement with the defendant general contractor, Uva Construction Co. Inc., ("Uva") under the terms of which they were to be compensated an additional $5 per cubic yard or $55 per cubic yard and an additional $4,000 or $16,000 for rebars. Uva denies ever having entered into such an agreement.
The plaintiffs produced in evidence an unsigned agreement (Exhibit E) which called for concrete to be supplied by the plaintiffs at the rate of $55 per cubic yard and rebars at the rate for a lump sum of $12,000.
The court finds initially that there never was a meeting of the minds with respect to Exhibit E and therefore that contract never came into existence. The court further finds that all of the parties intended to and did in fact orally rescind the original contract (Exhibit C). Accordingly, CT Page 3416 because the substitute written contract never came into existence the parties' relationship was governed by principles which apply when there is no actual contract, to wit: the principle of quantum meruit.
The court further finds that because there was no contract there was no automatic application of the architect's prepared plans and specifications to this relationship. Both plaintiffs testified that they did not look at the drawings except briefly when bidding the job, and that they based neither their bid nor their work on the plans and specifications. Indeed, there was no evidence that either party knew how to read the drawings much less understand the technical and sometimes complex specifications that applied to this project (Exhibit 2).[1] As a matter of fact, for the entire job the plaintiffs followed Uva's superintendent's verbal instructions (Mr. Wilms) rather than the plans and specifications. The court is satisfied that the plaintiffs were hired by and worked for Uva and not Concrete Concepts.
The court concludes that the plaintiffs expected to receive and Uva expected to a reasonable sum for the labor and materials furnished for the project. Anderson v. Zweigbaum, 150 Conn. 478 (1963). The court finds this sum to be $21,984, which represents 973 yards of concrete at the rate of $50 per yard and a lump sum of $12,000 for the rebars, less the sum of $2,666 which is the actual amount which Uva paid to complete the rebar work which, the court finds to have been the plaintiffs' responsibility. The court further finds that none of the other charges claimed by Uva were the plaintiffs' responsibility. According to the evidence, the plaintiffs have been paid $36,000 on account.
Because the court has found that the work was performed for Uva judgment should enter only against Uva and not Concrete Concepts, Inc.
MOTTOLESE, J.