[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff company is a subcontractor engaged in the installation of ceramic tile, countertops, and slab work in both commercial and residential construction. In September 1993 it entered into a contract with the defendant corporation, a general construction contractor, to provide such service in connection with the construction of a large residential dwelling in Trumbull. Specifically, the plaintiff was to install wall and CT Page 11662 floor tiles, perform slab work, and install countertops, all in specific areas of the building.
The contract between the parties was, apart from a set of plans which the defendant furnished to the plaintiff, entirely oral and rather informal, to say the least. The plaintiff agreed to perform the required work for $15,000. As a result of certain additions to the original contract requirements, the company was in fact paid $17,500. It seeks an additional $5,637.17 which it claims is due and owing for extra work ordered, more particularly for the cost of labor claimed to have been furnished.
The defendant denies that any moneys are owed to the plaintiff, and it counterclaims for losses it alleges were incurred by virtue of the plaintiff's failure to complete its work by an extended deadline. The evidence discloses that the plaintiff, through its principal, Kenneth Pia, assured the defendant that its work would be completed by October 28, 1994. In fact, on October 30, the work was still incomplete, and the site was, in the view of Herman Sachse, owner of the defendant, "a mess" by virtue of the plaintiff's inattention to cleanup responsibilities. It was on the latter date that Mr. Sachse notified Mr. Pia that his company's contract was forthwith terminated.
The defendant has counterclaimed for expenses it allegedly incurred in completing the work which the plaintiff was to provide, including site cleanup. Its claim is that the total cost of such work was $12,429.20 (Def. exh. 5). The evidence discloses, however, that the property owners were billed for and made payment of $7,268 of their contractor's added costs, leaving a balance in excess of $5,000.
Testimony was received from Mr. Sachse that, as to the unpaid amount (which is remarkably similar to that claimed by the plaintiff), he has no intention of further billing the owners; nor was it his intention until after institution of the instant action to seek payment from the plaintiff.
At trial the only evidence received as to damages came from the two owners of the contesting corporations. That testimony, as it concerns the value of services performed by Mr. Pia and Mr. Sachse, is uncorroborated by independent evidence. Damages are an essential element of proof and must be proven with a reasonable degree of certainty. Bianco v. Floatex, Inc., CT Page 11663145 Conn. 523, 525 (1958). "In an action at law based upon contract the court must have evidence by which it can calculate the damages, which is not merely subjective or speculative, but which allows for some objective ascertainment of the amount."Fuessenich v. DiNardo, 195 Conn. 144, 153 (1985). It is fair to say that the evidence presented by both sides falls short of the prescribed standard.
Apart from the above, it is the finding of the court that the plaintiff has received payment of an amount which exceeds that called for by the contract. It is reasonable to conclude that the added amount adequately covers the extra labor the plaintiff was required to provide. The court further finds, based on the evidence and reasonable inferences therefrom, that the amount which the property owners paid to the defendant to cover labor and expenses incurred by reason of the plaintiff's claimed deficiencies is sufficient compensation, and that no further payment by the plaintiff to the defendant should be required.
Accordingly, judgment may enter in favor of the defendant on the complaint and the plaintiff on the counterclaim.
Gaffney, J.