[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE EXPERT WITNESS FEES FOR DEPOSITION
This is a matter that does not involve a great deal of money but where defense counsel takes a principled position in requesting the court order that the $500 cost of the plaintiff expert's deposition not be taxed against the defendant.
Plaintiff's counsel disclosed an expert who counsel claimed in a letter to defense counsel would give expert opinion on the safety of a condition at certain premises. The notice could be read as indicating that the disclosed expert had himself personally examined the premises. In fact another individual had conducted the examination and the disclosed expert intended to rely on the facts that this person had gathered.
Defense counsel scheduled a deposition of the disclosed expert and at the deposition learned for the first time that the disclosed expert had not made the fact investigation upon which he based his opinion.
Defense counsel makes no claim that plaintiff's counsel intentionally misled him. It would be a silly ploy since it was bound to be discovered and the court having dealt with the lawyers on both sides of this case can't even conceive of them intentionally misleading opposing counsel.
It is well accepted that an expert can rely on hearsay and the observation of others if experts in the particular field generally do so, Vigliotti v. Campano, 104 Conn. 464
(1926). Also an expert can base his or her opinion on facts testified to by other witnesses which are included in a hypothetical question, Worden v. Gore-Meenan Co.,83 Conn. 642, 651 (1910).
The disclosure to defense counsel here doesn't explicitly say the disclosed expert made the inspections himself. I am reluctant to create a general rule that CT Page 5864 counsel has to explicitly state the sources of the expert opinion when an expert is disclosed under PB § 220 or run the risk of sanctions or an inability to recoup costs if he doesn't do so and the expert has relied on hearsay input from another party which is otherwise perfectly appropriate.
The burden of discovery disclosure would be made more complicated. Besides why would someone who wanted to depose an expert if he thought the expert based his or her opinion on personal observation not want to depose the expert just because the expert, as experts are wont to do, has relied on hearsay input from someone else who isn't going to testify as an expert? At the most such information might lead counsel to want to also depose the person's whose information the expert relied on or maybe schedule the deposition of both these people in a certain order. All of this leads me to conclude that in this case since there was no intent to mislead, the plaintiff's motion for protective order "protecting it from the fees associated" with the deposition of the plaintiff's expert should be denied.
Corradino, J